**Eliot M. Harris, OSB #116968**
WILLIAMS, KASTNER & GIBBS PLLC
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
Phone: (503) 228-7967
eharris@williamskastner.com
Attorney for Plaintiff Century Surety Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY**, an Ohio corporation, <br><br> Plaintiff, <br><br> v. <br><br> **NEILL'S WHEELS, LLC**, an Oregon limited liability company; and **KAY SPOMER,** an Oregon resident. <br><br> Defendants. | Case No.  6:24-cv-1574 <br><br> PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT <br><br> 28 U.S.C. §1332 |

**PARTIES**

1.      Plaintiff Century Surety Company ("Century") is an Ohio corporation with its principal place of business in Michigan.

2.      Upon information and belief, Defendant Neill's Wheels, LLC, ("Neill's") is an Oregon limited liability company with its principal place of business in Oregon.

Page 1 -   PLAINTIFF'S COMPLAINT FOR
          DECLARATORY JUDGMENT

Williams, Kastner & Gibbs PLLC
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

3.      Upon information and belief, Defendant Kay Spomer ("Spomer") is an Oregon resident.

4.      Neill's and Spomer may be referred to collectively as the "Defendants."

## VENUE AND JURISDICTION

5.      The U.S. District Court of Oregon has jurisdiction pursuant to 28 U.S.C. §1332. There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in Marion County, Oregon.

## FACTS

### A.      Case Summary

7.      This is a declaratory judgment action brought by Century for adjudication of its rights and responsibilities, if any, under a liability insurance policy issued to Neill's with respect to the claims alleged in a lawsuit titled as *Kay Spomer v. Neill's Wheels, LLC*, filed in the Circuit Court of Lane County in the State of Oregon, Case No. 24CV21491 ("Lawsuit"), which is currently pending.  A copy of the Complaint in the Lawsuit is attached as **Exhibit 1**.

8.      Century is currently defending Neill's in the Lawsuit subject to a full reservation of rights.

9.      For the reasons set forth below, Century brings the present lawsuit for declaratory judgment that it owes no duty to continue defending Neill's in the Lawsuit, and that it owes no duty to indemnify Neill's for any liability and/or judgment against it in the Lawsuit.

Page 2 -    PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

B.      **The Lawsuit**

10.     Spomer filed the Lawsuit against Neill's on or about May 1, 2024.

11.     Spomer alleges in the Lawsuit that she was previously employed by Neill's.

12.     She alleges that she is a bisexual female and suffers from a serious medical condition, which qualifies as a disability.

13.     She alleges that, despite her disability, she was able, with or without accommodation, to perform each essential function of her position with Neill's.

14.     She alleges that she was hired by Neill's on or about September 5, 2023, as a detailer earning $15.00 per hour.

15.     Spomer alleges that, at that time, she was told by Neill's' employees that she was the only female to have ever worked in the back area.

16.     She alleges that she performed her job duties as assigned.

17.     Spomer alleges that, in or about November of 2022, she informed her manager, Anthony Neill, that she would need to take intermittent time off due to her disability.

18.     She claims that Neill's approved her requested accommodation, but that her supervisor made negative comments about her missing work and about her disability.

19.     Spomer alleges that, on or about January 31, 2023, Neill's subjected her to written discipline, at least in part, due to her absences that were taken as part of the accommodation for her disability.

20.     Spomer alleges that she reported a supposed safety hazard (four extension cords plugged into one outlet), but Neill's did not take action to hire an electrician for six (6) months after she first reported it.

 Page 3 -    PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

21.    She alleges that Neill's treated her with more hostility and became hypercritical of her performance after the safety report.

22.    She alleges that this treatment was also due to her disability.

23.    Spomer also alleges that she was subjected to severe and/or pervasive discriminatory comments and actions based on sex, gender, and/or sexual orientation, which she identified in the Lawsuit.

24.    Spomer alleges that male co-workers asked her out on dates and Neill's failed to take sufficient steps to stop this unwanted contact.

25.    She claims that her employment was terminated on May 5, 2023.

26.    Spomer asserts seven (7) separate causes of action against Neill's in the Lawsuit: (1) ORS 659A.112 – Disability/Perceived Disability Discrimination; (2) ORS 659A.109 – Disability/Perceived Disability Retaliation; (3) ORS 659A.199 – Whistleblower Retaliation; (4) ORS 659A.030 – Sex Discrimination; (5) ORS 659A.030 – Hostile Work Environment; (6) ORS 659A.030 – Retaliation; and (7) ORS 654.062 – OSHA Retaliation.

27.    All seven (7) of these causes of action arises out of Spomer's employment at Neill's.

28.    Spomer alleges $959,349.32 in damages in the Lawsuit, which she alleges as various economic damages, including past and future losses, for at least $1,897.02 per month since May of 2023 and continuing into the future, and for non-economic damages of up to $800,000.

29.    She also seeks an award of attorney fees and costs in the Lawsuit.

Page 4 -    PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

**C.**    **The Insurance Policies**

30.    Century issued three Commercial Lines Policies: Nos. CCP 1026663; CCP 1105145; and CCP 1187671 to Neill's that appear to be potentially implicated in the Lawsuit. The first policy, CCP 1026663, has a policy period of November 17, 2021 to November 17, 2022 ("21-22 Policy").  The second policy, CCP 1105145, has a policy period of November 17, 2022 to November 17, 2023 ("22-23 Policy").  And the third policy, CCP 1187671, has a policy period of November 17, 2023 to November 17, 2024 ("23-24 Policy").  The 21-22 Policy, 22-23 Policy, and 23-24 Policy may be referred to collectively as "each Policy" and/or the "Policies."  Attached hereto as **Exhibits 2**, **3**, and **4** are true and correct copies of the 21-22 Policy, 22-23 Policy, and 23-24 Policy, respectively.

31.    Each Policy provides Auto Dealers Coverage, which includes a variety of liability coverages that are discussed herein.

32.    The limits of liability coverage is stated in the Declarations page of each Policy, but generally, liability coverage is limited to $500,000 per "accident" for covered auto coverage, and a $500,000 general liability aggregate limit for general liability coverage.

33.    The Policies generally provide nearly identical coverage, but there are a few differences, some of which are mentioned below.

34.    Each Policy generally provides coverage under the Auto Dealers Coverage Form, CA 0025 1013, which sets forth different potential liability coverages.

35.    The Covered Autos Liability Coverage provides, in potentially relevant part, as follows:

Page 5 -    PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

## AUTO DEALERS COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations and include your spouse, if you are an individual. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

…

### D. Covered Autos Liability Coverage

#### 1. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

…

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered "Autos" Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

…

36.    Coverage under the Covered Autos Liability Coverage section is subject to certain exclusions in the Policies that provide, in potentially relevant part, as follows:

Page 6 -    PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

### 4. Exclusions

This insurance does not apply to any of the following:

#### a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

#### b. Contractual

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

(1) Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

(2) That the "insured" would have in the absence of the contract or agreement.

#### c. Workers' Compensation

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

#### d. Employee Indemnification And Employer's Liability

"Bodily injury" to:

(1) An "employee" of the "insured" arising out of and in the course of:

(a) Employment by the "insured"; or

(b) Performing the duties related to the conduct of the "insured's" business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

Page 7 -    PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

    **(a)** Whether the "insured" may be liable as an employer or in any other capacity; and

    **(b)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of Covered Autos Liability Coverage, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**e. Fellow Employee**

"Bodily injury" to:

    **(1)** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

    **(2)** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **(1)** above.

…

37.    The Policies also provide General Liability Coverage under general form, CA 0025 1013, which provides, in potentially relevant part, as follows:

**SECTION II – GENERAL LIABILITY COVERAGES**

**A. Bodily Injury And Property Damage Liability**

**1. Coverage**

    **a.**  We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident", and resulting from your "auto dealer operations" other than the

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

ownership, maintenance or use of "autos". We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. But:

(1) The amount we will pay for damages is limited as described in Paragraph **F.** Limits Of Insurance – General Liability Coverages; and

(2) Our duty to defend or settle ends when the applicable limit of insurance has been exhausted by payment of judgments or settlements under Paragraph **A.** Bodily Injury And Property Damage Liability or **B.** Personal And Advertising Injury Liability or medical expenses under Paragraph **C.** Locations And Operations Medical Payments.

…

38.    Coverage under the General Liability Coverage section of the Policies is subject

to certain exclusions, which provide, in potentially relevant part, as follows:

**2. Exclusions**

This insurance does not apply to any of the following:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

(1) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property

Page 9 -    PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

damage" occurs subsequent to the execution of the contract or agreement; or

**(2)** That the "insured" would have in the absence of the contract or agreement.

**c. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**d. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the "insured" arising out of and in the course of:

**(a)** Employment by the "insured"; or

**(b)** Performing the duties related to the conduct of the "insured's" business;

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

**(3)** A person arising out of any:

**(a)** Refusal to employ that person;

**(b)** Termination of that person's employment; or

**(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(4)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(3)(a)**, **(b)** or **(c)** above are directed.

Page 10 -  PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

This exclusion applies:

    (a) Whether the injury-causing event described in Paragraph (3)(a), (b) or (c) above occurs before employment, during employment or after employment of that person;

    (b) Whether the "insured" may be liable as an employer or in any other capacity; and

    (c) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Paragraphs (1) and (2) of this exclusion do not apply to liability assumed by the "insured" under an "insured contract".

…

39.    The Policies also provide for Personal and Advertising Injury Liability Coverage under general form, CA 0025 1013, which provides, in potentially relevant part, as follows:

**B. Personal And Advertising Injury Liability**

    **1. Coverage**

We will pay all sums the "insured" legally must pay as damages because of "personal and advertising injury" to which this insurance applies, caused by an offense arising out of your "auto dealer operations", but only if the offense was committed in the coverage territory during the policy period.

We will have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. But:

    **a.** The amount we will pay for damages is limited as described in Paragraph **F.** Limits Of Insurance – General Liability Coverages; and

Page 11 -  PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

**b.** Our duty to defend or settle ends when the applicable limit of insurance has been exhausted by payment of judgments or settlements under Paragraph **A.** Bodily Injury And Property Damage Liability or Paragraph **B.** Personal And Advertising Injury Liability or medical expenses under Paragraph **C.** Locations And Operations Medical Payments.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

40.     The Policies define the term "personal and advertising injury" as follows:

**R.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**1.** False arrest, detention or imprisonment;

**2.** Malicious prosecution;

**3.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**4.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**5.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**6.** The use of another's advertising idea in your "advertisement"; or

**7.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

41.     Coverage under the Personal and Advertising Coverage section is subject to certain exclusions in the Policies, which provide, in potentially relevant part, as follows:

**2. Exclusions**

This insurance does not apply to:

Page 12 -  PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

…

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the "insured" with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

…

**e.  Contractual**

"Personal and advertising injury" for which the "insured" has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the "insured" would have in the absence of the contract or agreement.

**f.  Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

…

**p.  Employment-related Practices**

"Personal and advertising injury" to:

**(1)**  A person arising out of any:

**(a)**  Refusal to employ that person;

**(b)**  Termination of that person's employment; or

**(c)**  Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(2)**  The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

person at whom any of the employment-related practices described in Paragraph **(1)(a)**, **(b)** or **(c)** above are directed.

This exclusion applies:

**(a)** Whether the injury-causing event described in Paragraph **(1)(a)**, **(b)** or **(c)** above occurs before employment, during employment or after employment of that person;

**(b)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

…

42.    The Policies contain an endorsement form, CA 25 54 10 13, which provides, in potentially relevant part as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – PERSONAL AND ADVERTISING INJURY LIABILITY COVERAGE**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

Paragraph **B. Personal And Advertising Injury Liability Coverage of Section II – General Liability Coverages** does not apply and none of the references to it in the Coverage Form, Declarations or any endorsement attached to the Coverage Form apply.

43.    The Policies also contain Acts, Errors or Omissions Liability Coverages under general form, CA 0025 1013, which provides, in potentially relevant part, as follows:

Page 14 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

**SECTION III – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES**

**A. Coverage**

We will pay all sums that an "insured" legally must pay as damages because of any "act, error or omission" of the "insured" to which this insurance applies and arising out of the conduct of your "auto dealer operations", but only if the "act, error or omission" is committed in the coverage territory during the policy period.

We will have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "acts, error or omissions" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. But:

**1.** The amount we will pay for damages is limited as described in Paragraph **E. Limits Of Insurance And Deductible**; and

**2.** Our duty to defend or settle ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph D. Supplementary Payments.

44.    The Policies provide coverage for legal liability because of "acts, error or omissions," which is defined in the Policies as follows:

**B.** "Act, error or omission" means any actual or alleged negligent act, error or omission committed by an "insured" in the course of your "auto dealer operations" arising:

**1.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of credit or lease terms to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations", including, but not limited to, the Truth In Lending and Consumer Leasing Acts;

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

**2.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of accurate odometer mileage to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations";

**3.** In an "insured's" capacity as an insurance agent or broker in the offering, placement or maintenance of any "auto" physical damage, auto loan/lease gap, credit life or credit disability insurance sold in connection with the sale or lease of an "auto" in your "auto dealer operations", but only if the "insured" holds a valid insurance agent or broker license at the time the "act, error or omission" is committed, in the jurisdiction in which your "auto dealer operations" is located, if required to do so by such jurisdiction; and

**4.** Out of a defect in title in connection with the sale or lease of an "auto" in your "auto dealer operations".

45. There are exclusions to the Acts, Errors or Omissions Liability Coverages that provide, in potentially relevant part, as follows:

**B. Exclusions**

This insurance does not apply to:

…

**2.    Bodily Injury, Property Damage Or Personal And Advertising Injury**

"Bodily injury", "property damage" or "personal and advertising injury".

…

**8. Discrimination**

Damages arising directly or indirectly out of any "act, error or omission" that violates a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition, or any other protected class or characteristic established by any federal, state or local statutes, rules or regulations.

Page 16 - PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

…

46.    In addition to the above, the 21-22 Policy and 22-23 Policy contain an endorsement form, CA 25 63 10 13, which provides, in potentially relevant part as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Section III – Acts, Errors Or Omissions Liability Coverages** does not apply and none of the references to "Acts, Errors Or Omissions" Liability Coverages or Acts, Errors Or Omissions Liability in the Coverage Form, Declarations or any endorsement attached to the Coverage Form apply.

47.    The Policies define certain terms, including those set forth below:

**SECTION V – DEFINITIONS**

**A.**  "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

…

**D.**  "Auto" means a land motor vehicle, "trailer" or semitrailer.

…

**F.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

…

**J.**   "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

…

**M.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

…

**O.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

…

**Q.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

…

**W.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short term workload conditions.

48.    The 21-22 Policy and 22-23 Policy contain an endorsement, Form CAG 1701

0220, which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

**CHANGES APPLICABLE TO SECTION I – COVERED AUTOS COVERAGE; AND SECTION II – GENERAL LIABILITY COVERAGES**

Page 18 -   PLAINTIFF'S COMPLAINT FOR
                    DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

…

**B.** The following changes are applicable to Section **I** – Covered Autos Coverages, paragraph **D.**, Covered Autos Liability Coverage, sub-paragraph **4.**, Exclusions and to Section **II** – General Liability Coverages, paragraph **A** – Bodily Injury And Property Damage Liability, paragraph **2.**, Exclusions.

**Employee Indemnification And Employer's Liability**

Item **d.**, Employee Indemnification And Employer's Liability is deleted in its entirety and replaced with the following:

**d.** Employee Indemnification and Employer's Liability

"Bodily injury" to:

**(1)** An "employee" of the "insured" arising out of and in the course of :

    **(a)** Employment by the "insured"; or

    **(b)** Performing the duties related to the conduct of the "insured's" business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph **(1)** above.

**(3)** A person arising out of any:

    **(a)** Refusal to employ that person;

    **(b)** Termination of that person's employment; or

    **(c)** Employment–related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination or malicious prosecution directed at that person; or

**(4)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in paragraphs **(3) (a)**, **(b)**, or **(c)** above are directed.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

This exclusion applies:

**(a)** Whether the injury-causing event described in **(3) (a)**, **(b)**, or **(c)** above occurs before employment, during employment or after employment of that person;

**(b)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

…

**CHANGES APPLICABLE TO SECTION V – DEFINITIONS**

**A.** The changes below are made to Section **V** – Definitions.

### Accident

Paragraph A., "Accident" is deleted in its entirety and replaced with the following:

**A.** "Accident" includes continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "accident" or series of related "accidents" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving and even though the "accident" causing such "bodily injury" or "property damage", may be continuous or repeated exposure to substantially the same general harmful conditions.

### Employee

Paragraph **J.**, "Employee" is deleted in its entirety and replaced with the following:

**J.** "Employee" includes a "leased worker", a "temporary worker" and a "volunteer worker".

…

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

**Personal and Advertising Injury**

Paragraph **R.**, "Personal and advertising injury" is deleted in its entirety and replaced with the following:

**R.** "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

> **1.** False arrest, detention or imprisonment;

> **2.** Malicious prosecution;

> **3.** The wrongful eviction from or the wrongful entry into or the invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, provided that such wrongful eviction, wrongful entry or invasion of the right of private occupancy was committed by or on behalf of the room's, dwelling's or premises' owner, landlord or lessor.

> **4.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

**Property Damage**

Paragraph **U.**, "Property damage" is deleted in its entirety and replaced with the following:

**U.** "Property damage" means:

> **1.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

> **2.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "accident" that caused it.

> For the purposes of this insurance, electronic data is not tangible property.

Page 21 -  PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells data processing devices or any other media which are used with electronically controlled equipment.

For the purposes of this insurance, "property damage" is not physical injury to tangible property, any resultant loss of use of tangible property, nor loss of use of tangible property that is not physically injured that arises out of failure to complete or abandonment of "work you performed".

**B.** The following is added to Section **V** – Definitions:

"Volunteer worker" means a person who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

All other terms and conditions of this policy remain unchanged.

49.    The 23-24 Policy contains a similar endorsement, Form CAG 1701 0223, which

provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

**CHANGES APPLICABLE TO SECTION I – COVERED AUTOS COVERAGE; AND SECTION II – GENERAL LIABILITY COVERAGES**

…

**B.** The following changes are applicable to Section **I** – Covered Autos Coverages, paragraph **D.**, Covered Autos Liability Coverage, sub-

Page 22 -  PLAINTIFF'S COMPLAINT FOR
           DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

paragraph **4.**, Exclusions and to Section **II** – General Liability Coverages, paragraph **A** – Bodily Injury And Property Damage Liability, paragraph **2.**, Exclusions.

**Employee Indemnification And Employer's Liability**

Item **d.**, Employee Indemnification And Employer's Liability is deleted in its entirety and replaced with the following:

**d.** Employee Indemnification and Employer's Liability

"Bodily injury" to:

**(1)** An "employee" of the "insured" arising out of and in the course of :

    **(a)** Employment by the "insured"; or

    **(b)** Performing the duties related to the conduct of the "insured's" business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph **(1)** above.

**(3)** A person arising out of any:

    **(a)** Refusal to employ that person;

    **(b)** Termination of that person's employment; or

    **(c)** Employment–related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination or malicious prosecution directed at that person; or

**(4)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in paragraphs **(3) (a)**, **(b)**, or **(c)** above are directed.

This exclusion applies:

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

**(a)** Whether the injury-causing event described in **(3) (a)**, **(b)**, or **(c)** above occurs before employment, during employment or after employment of that person;

**(b)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

…

## CHANGES APPLICABLE TO SECTION V – DEFINITIONS

**A.** The changes below are made to Section **V** – Definitions.

### Accident

Paragraph A., "Accident" is deleted in its entirety and replaced with the following:

**A.** "Accident" includes continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "accident" or series of related "accidents" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving and even though the "accident" causing such "bodily injury" or "property damage", may be continuous or repeated exposure to substantially the same general harmful conditions.

### Employee

Paragraph **J.**, "Employee" is deleted in its entirety and replaced with the following:

**J.** "Employee" includes a "leased worker", a "temporary worker" and a "volunteer worker".

…

### Personal and Advertising Injury

Page 24 -  PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

Paragraph **R.**, "Personal and advertising injury" is deleted in its entirety and replaced with the following:

**R.** "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

    **1.** False arrest, detention or imprisonment;

    **2.** Malicious prosecution;

    **3.** The wrongful eviction from or the wrongful entry into or the invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, provided that such wrongful eviction, wrongful entry or invasion of the right of private occupancy was committed by or on behalf of the room's, dwelling's or premises' owner, landlord or lessor.

    **4.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

**Property Damage**

Paragraph **U.**, "Property damage" is deleted in its entirety and replaced with the following:

**U.** "Property damage" means:

    **1.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **2.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "accident" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

    As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and

Page 25 -  PLAINTIFF'S COMPLAINT FOR
        DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells data processing devices or any other media which are used with electronically controlled equipment.

For the purposes of this insurance, "property damage" is not physical injury to tangible property, any resultant loss of use of tangible property, nor loss of use of tangible property that is not physically injured that arises out of failure to complete or abandonment of "work you performed".

**B.** The following is added to Section **V** – Definitions:

"Volunteer worker" means a person who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

All other terms and conditions of this policy remain unchanged.

**D.    <u>Century Agrees to Defend Neill's in the Lawsuit Subject to a Reservation of Rights</u>**

50.    On or about July 16, 2024, Century sent an email to Neill's advising that Century would agree to defend the claims in the Lawsuit against Neill's under a reservation of Century's rights as to coverage under the Policies.

51.    On or about August 28, 2024, Century sent a letter further explaining Century's reservation of rights.  Attached as **Exhibit 5** is a copy of the Century's reservation of rights letter.

**<u>FIRST CAUSE OF ACTION:  DECLARATORY JUDGMENT – COVERED AUTOS
LIABILITY COVERAGE – INSURING AGREEMENT</u>**

52.    Century realleges each of the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.    Under the plain language of the Covered Autos Liability Coverage in the Policies, coverage is available only to claims of bodily injury caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos."

Page 26 -   PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

54.     The Lawsuit does not allege a "bodily injury" as this term is defined in the Policies.

55.     The Lawsuit does not allege any "bodily injury" caused by an "accident" as these terms are defined by the Policies.

56.     The Lawsuit does not allege any claims resulting from the ownership, maintenance or use of a covered "auto."

57.     The Lawsuit alleges claims arising from employment-related practices and activities.

58.     Century owes no obligation to continue defending Neill's in the Lawsuit under the insuring agreement of the Covered Autos Liability Coverage section of the Policies.

59.     Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit under the insuring agreement section of the Covered Autos Liability Coverage section of the Policies.

## SECOND CAUSE OF ACTION:  DECLARATORY JUDGMENT – COVERED AUTOS LIABILITY COVERAGE – EXCLUSIONS

60.     Century realleges each of the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61.     Even if the claims in the Lawsuit fall under the insuring agreement of the Covered Autos Liability Coverage in the Policies, coverage under this coverage section of the Policies is still precluded by various exclusions contained in this coverage section.

62.     The Covered Autos Liability Coverage in the Policies exclude coverage for liability that is expected or intended by the "insured."

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

63.    Spomer alleges that Neill's took certain discriminatory and retaliatory actions with knowledge of her disability.

64.    Such claims fall under the expected or intended exclusion in the Covered Autos Liability Coverage in the Policies.

65.    The Covered Autos Liability Coverage in the Policies exclude coverage for contractual liability that is expected or intended by the "insured."

66.    To the extent that Spomer's claims in the Lawsuit arise out of a contractual relationship with Neill's, coverage for such claims is precluded by the contractual liability exclusion in the Covered Autos Liability Coverage in the Policies.

67.    The Covered Autos Liability Coverage in the Policies exclude coverage for liability under worker's compensation or similar laws.

68.    To the extent that Spomer's claims give rise to liability of Neill's under worker's compensation or similar laws, such claims are precluded in the Covered Autos Liability Coverage in the Policies.

69.    The Covered Autos Liability Coverage in the Policies exclude coverage for claims arising out of "bodily injury" arising out of and in the course of employment by the insured and/or a fellow employee.

70.    Spomer's claims in the Lawsuit arise out of her employment by Neill's and during the course and scope of her employment and/or the employment of a fellow employee.

71.    Spomer's claims against Neill's fall under the employer's liability and/or fellow employee exclusions, and as such, are precluded from coverage in the Covered Autos Liability Coverage in the Policies.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

72.     Century owes no obligation to continue defending Neill's in the Lawsuit because of one or more of the exclusions found in the Covered Autos Liability Coverage section of the Policies.

73.     Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit because of one or more of the exclusions found in the Covered Autos Liability Coverage section of the Policies.

## <u>THIRD CAUSE OF ACTION:  DECLARATORY JUDGMENT – GENERAL LIABILITY COVERAGE – INSURING AGREEMENT</u>

74.     Century realleges each of the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75.     The plain language of the General Liability Coverage in the Policies applies only to claims of "bodily injury" caused by an "accident" and resulting from your "auto dealer operations."

76.     The Lawsuit does not allege a "bodily injury" as this term is defined in the Policies.

77.     The Lawsuit does not allege any "bodily injury" caused by an "accident" as these terms are defined by the Policies.

78.     The Lawsuit does not allege any claims resulting from your "auto dealership operations," as this term in defined in the Policies.

79.     Century owes no obligation to continue defending Neill's in the Lawsuit under the insuring agreement section of the General Liability Coverage section of the Policies.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

80.     Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit under the insuring agreement section of the General Liability Coverage section of the Policies.

## FOURTH CAUSE OF ACTION:  DECLARATORY JUDGMENT – GENERAL LIABILITY COVERAGE – EXCLUSIONS

81.     Century realleges each of the allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

82.     Even if the claims in the Lawsuit fall under the insuring agreement of the General Liability Coverage in the Policies, coverage under this coverage section of the Policies is still precluded by various exclusions contained in this coverage section.

83.     The General Liability Coverage in the Policies excludes coverage for liability that is expected or intended by the "insured."

84.     Spomer alleges that Neill's took certain discriminatory and retaliatory actions with knowledge of her disability.

85.     Such claims fall under the expected or intended exclusion in the General Liability Coverage in the Policies.

86.     The General Liability Coverage in the Policies exclude coverage for contractual liability.

87.     To the extent that Spomer's claims arise out of a contractual relationship with Neill's, such claims are precluded by the contractual liability exclusion in the General Liability Coverage in the Policies.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

88.     The General Liability Coverage in the Policies exclude coverage for liability under worker's compensation or similar laws.

89.     To the extent that Spomer's claims give rise to liability of Neill's under worker's compensation or similar laws, such claims are precluded in the General Liability Coverage in the Policies.

90.     The General Liability Coverage in the Policies exclude coverage for claims arising out of "bodily injury" arising out of and in the course of employment by the insured and/or a fellow employee.

91.     Spomer's claims in the Lawsuit arise out of her employment by Neill's and during the course and scope of her employment and/or the employment of a fellow employee.

92.     Spomer's claims against Neill's fall under the employer's liability and/or fellow employee exclusions, and as such, are precluded in the General Liability Coverage in the Policies.

93.     Century owes no obligation to continue defending Neill's in the Lawsuit because of one or more of the exclusions found in the General Liability Coverage section of the Policies.

94.     Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit because of one or more of the exclusions found in the General Liability Coverage section of the Policies.

## FIFTH CAUSE OF ACTION:  DECLARATORY JUDGMENT – PERSONAL AND ADVERTISING INJURY LIABILITY COVERAGE – INSURING AGREEMENT

95.     Century realleges each of the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

96.     The plain language of the Personal and Advertising Injury Liability Coverage in the Policies applies only to damages because of "personal and advertising injury" caused by an offense arising out of your "auto dealer operations."

97.     The Lawsuit does not allege a "personal and advertising injury" as this term is defined in the Policies.

98.     The Lawsuit does not contain any allegations of false arrest, detention or imprisonment; malicious prosecution; eviction or invasion of any occupancy right; nor any publication or advertisement of any material.

99.     The Lawsuit does not allege any injury caused by an offense arising out of Neill's "auto dealer operations," as this term is defined by the Policies.

100.    Century owes no obligation to continue defending Neill's in the Lawsuit under the insuring agreement section of the Personal and Advertising Injury Liability Coverage section of the Policies.

101.    Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit under the insuring agreement section of the Personal and Advertising Injury Liability Coverage section of the Policies.

## SIXTH CAUSE OF ACTION:  DECLARATORY JUDGMENT – PERSONAL AND ADVERTISING INJURY LIABILITY COVERAGE – EXCLUSIONS

102.    Century realleges each of the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

Page 32 -   PLAINTIFF'S COMPLAINT FOR
            DECLARATORY JUDGMENT

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

103.    Even if the claims in the Lawsuit fall under the insuring agreement of the Personal and Advertising Injury Liability Coverage in the Policies, coverage under this coverage section of the Policies is still precluded by various exclusions contained in this coverage section.

104.    The Personal and Advertising Injury Liability Coverage in the Policies exclude coverage for injury caused by or at the direction of the insured with knowledge that the act would violate the rights of another.

105.    Spomer alleges that Neill's took certain discriminatory and retaliatory actions with knowledge of her disability.

106.    Such claims fall under the knowing violation exclusion in the Personal and Advertising Injury Liability Coverage in the Policies.

107.    The Personal and Advertising Injury Liability Coverage in the Policies exclude coverage for contractual liability and breach of contract claims.

108.    To the extent that Spomer's claims arise out of a contractual relationship with Neill's, such claims are precluded by the contractual liability and/or breach of contract exclusions in the Personal and Advertising Injury Liability Coverage in the Policies.

109.    The Personal and Advertising Injury Liability Coverage in the Policies exclude coverage for liability arising out of certain employment-related practices.

110.    Spomer's claims arise out of certain employment-related practices by Neill's that are precluded by this exclusion in the Personal and Advertising Injury Liability Coverage in the Policies.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

111.    Century owes no obligation to continue defending Neill's in the Lawsuit because of one or more of the exclusions found in the Personal and Advertising Injury Liability Coverage section of the Policies.

112.    Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit because of one or more of the exclusions found in the Personal and Advertising Injury Liability Coverage section of the Policies.

## SEVENTH CAUSE OF ACTION:  DECLARATORY JUDGMENT – BLANKET EXCLUSION OF PERSONAL AND ADVERTISING INJURY LIABILITY COVERAGE BY ENDORSEMENT

113.    Century realleges each of the allegations contained in Paragraphs 1 through 111 as if fully set forth herein.

114.    The Policies contain an endorsement that precludes coverage for any Personal and Advertising Injury Liability Coverage in the Policies.

115.    This endorsement is valid and enforceable.

116.    Under this endorsement, Century owes no obligation to continue defending Neill's in the Lawsuit and owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit under Personal and Advertising Injury Liability Coverage of the Policies.

## EIGHTH CAUSE OF ACTION:  DECLARATORY JUDGMENT – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGE – INSURING AGREEMENT

117.    Century realleges each of the allegations contained in Paragraphs 1 through 116 as if fully set forth herein.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

118.    The Policies contain an endorsement that provides coverage for an "act, error or omission" arising out of the conduct of Neill's "auto dealer operations."

119.    The Lawsuit does not allege an "act, error or omission" as this term is defined in the Policies.

120.    The Lawsuit does not allege any injury caused by an offense arising out of Neill's "auto dealer operations," as this term is defined by the Policies.

121.    Century owes no obligation to continue defending Neill's in the Lawsuit under the insuring agreement section of the Acts, Errors or Omissions Liability Coverage section of the Policies.

122.    Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit under the insuring agreement section of the Acts, Errors or Omissions Liability Coverage section of the Policies.

## NINTH CAUSE OF ACTION:  DECLARATORY JUDGMENT – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES – EXCLUSIONS

123.    Century realleges each of the allegations contained in Paragraphs 1 through 122 as if fully set forth herein.

124.    The endorsement in the Policies that provides Acts, Errors, and Omissions Liability Coverage contains exclusionary language for alleged injury and damages because of personal and advertising injury and discrimination.

125.    While no personal and advertising injury appears to have been alleged, to the extent it is later determined that one is alleged, the exclusion for such personal and advertising injury in the Acts, Errors or Omissions Liability Coverage section of the Policies would apply.

Williams, Kastner & Gibbs PLLC
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

126.    The exclusion for discrimination applies to the claims alleged in the Lawsuit as Spomer alleges that Neill's discriminated against her because of her alleged disability.

127.    Century owes no obligation to continue defending Neill's in the Lawsuit under the Acts, Errors or Omissions Liability Coverage section of the Policies because one or more of the above exclusions apply.

128.    Century owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit under the Acts, Errors or Omissions Liability Coverage section of the Policies because one or more of the above exclusions apply.

**<u>TENTH CAUSE OF ACTION:  DECLARATORY JUDGMENT – BLANKET EXCLUSION OF ACTS, ERRORS OR OMISSION LIABILITY COVERAGE BY ENDORSEMENT FOR 21-22 POLICY AND 22-23 POLICY</u>**

129.    Century realleges each of the allegations contained in Paragraphs 1 through 128 as if fully set forth herein.

130.    The 21-22 Policy and 22-23 Policy contain an endorsement that precludes coverage for any Acts, Errors or Omission Liability Coverage in those Policies.

131.    This endorsement is valid and enforceable.

132.    Under this endorsement, Century owes no obligation to continue defending Neill's in the Lawsuit and owes no obligation to indemnify Neill's for any liability and/or judgment against it in the Lawsuit under Acts, Errors or Omission Liability Coverage section of the 21-22 Policy and 22-23 Policy.

133.    A justiciable controversy exists between Century, on the one hand, and Neill's and Spomer, on the other hand, with regard to the issues upon which Century seeks declaratory judgment for, as stated above.

**Williams, Kastner & Gibbs PLLC**
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1

## **PRAYER FOR RELIEF**

Century prays for the following relief:

1.      Declaratory judgment for Century that it owes no obligation to continue defending Neill's in the Lawsuit under any coverage section of the Policies;

2.      Declaratory judgment for Century that it owes no obligation to indemnify Neill's for any of the claims alleged in the Lawsuit under any coverage section of the Policies;

3.      An award of reasonable attorneys' fees and costs as allowed by law; and

4.      All such other and further relief as the Court deems just and equitable.

DATED this 17th day of September, 2024.

**WILLIAMS, KASTNER & GIBBS PLLC**

_s/ Eliot M. Harris_
Eliot M. Harris, OSB #116968
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
Phone: (503) 228-7967
eharris@williamskastner.com

_Attorney for Plaintiff Century Surety Company_

Williams, Kastner & Gibbs PLLC
805 S.W. Broadway, Ste. 2440
Portland, OR 97205
(503) 228-7967

4876-3347-2985.1